IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TONY LAMAR CARD,<br><br>      Plaintiff,<br><br>      v.<br><br>DAVID W. CHRISTEL, TIFFANY M. CARTWRIGHT, GRADY J. LEUPOLD,<br><br>      Defendants. | NO.  2:23-cv-01167-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IFP; DISMISSING COMPLAINT** |

      Plaintiff Tony Lamar Card, proceeding pro se in this civil matter, filed an application to proceed *in forma pauperis* (IFP), ECF No. 1. Plaintiff's IFP application indicates he is currently unemployed.

      Under 28 U.S.C. § 1915(e)(2)(B), when a complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, the Court shall dismiss the case at any time.

      Plaintiff is suing sitting federal judges in the Western District of Washington. Although Plaintiff indicates he is suing the judges in their individual capacity, the Complaint fails to provide any facts that support that contention. Even so, it is well settled that "judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IFP; DISMISSING COMPLAINT ~ 1**

functions." *Partington v. Gedan*, 961 F.2d 852, 866 (9th Cir.1992) "A judge is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Plaintiff has failed to state any potentially cognizable claims against any of the named-Defendants.

Moreover, Plaintiff does not allege any facts in his Complaint. Instead, he attached U.S. Supreme Court cases, such as *Marbury v. Madison*, 5 U.S. 137 (1803); *Norton v. Shelby* County, 118 U.S. 425 (1886); *Haines v. Kerner et al.*, 404 U.S. 519 (1972); and *Cruden v. Neale*. The Court finds that Plaintiff's Complaint is frivolous and intended to harass the federal judges that have previously ruled against him.

Although the Ninth Circuit has instructed that district courts should grant pro se plaintiff's leave to amend, the Court declines to do so because it is clear an amended complaint will not be able to cure the defect. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Additionally, a district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). As set forth above, the proposed complaint is frivolous and entirely without merit.

//
//
//
//
//
//
//
//

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IFP; DISMISSING COMPLAINT** ~ 2

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Application to Proceed IFP, ECF No. 1, is **DENIED**.
2. Plaintiff's Complaint is **DISMISSED**, with prejudice.
3. Plaintiff's Demand for Immediate Injunction, ECF No. 9, is **DENIED**.
4. The Clerk shall enter Judgment and close this case.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to Plaintiff.

**DATED** this 24th day of January 2024.

_____
Stanley A. Bastian
U.S. District Court Judge

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IFP; DISMISSING COMPLAINT ~ 3**